```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION

INFRASTRUCTURE     CORPORATION     OF
AMERICA,

                  Plaintiff,

vs.                                    Case No.  2:12-cv-682-FtM-29DNF

ROLANDO RUBEN RAMOS,

                  Defendant.
_____
```

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1447(c) (Doc. #17) filed on February 19, 2013, pursuant to the Court's February 5, 2013, Order (Doc. #16) remanding the case and directing that plaintiff may seek attorney's fees and costs incurred as a result of the improper removal.  Defendant filed a Response (Doc. #18) on February 28, 2013.  Plaintiff filed an opposed Motion for Leave to File Reply (Doc. #19), which the Court will deny as no reply is required.

On February 5, 2013, finding no response filed, the Court granted plaintiff's Motion to Remand based on the presence of a Florida defendant, remanded the case back to the Collier County Circuit Court, and directed plaintiff to file a motion for fees and costs as the Court was "inclined to grant the request." (Doc. #16, p. 3.)  Plaintiff filed their motion seeking $2,852.00 in attorney's fees incurred as a result of the removal, and submitted the supporting Affidavit of Michael J. Bradford (Doc. #17-1)

detailing the hours.  The Court finds that the amount sought is directly related to the removal of the case and the hours and hourly rate are both reasonable in the Fort Myers, Florida prevailing market.

Defendant opposes the motion for several reasons.  As an initial matter, defendant states that two attorneys "abruptly left" the firm, including counsel who was handling the matter, and therefore "the Court's forgiveness" is sought for failing to respond to the motion to remand.  (Doc. #18, ¶ 2.)  Initially, the Court would note that Mr. Wadsworth is the same counsel who filed the Notice of Removal and Answer on behalf of defendant, and is also one of the only two attorneys who have appeared as counsel of record for defendant.  The attorney who was "handling this matter, Mark Levine, Esq." has never entered an appearance in this case.

Defendant states that this suit was initially filed in Miami-Dade County, but it was voluntarily dismissed and re-filed in Collier County, Florida.  Counsel state that it is "this firm's experience that Collier County attorneys have a significant 'home filed advantage' in their home jurisdiction", and therefore removal would be sought to protect itself.  (Doc. #18, ¶ 7.)  Defendant moved to transfer venue to Miami-Dade County and awaited a ruling before seeking removal.  (Id., ¶¶ 7-9.)  Just over a week after the motion to transfer was denied, defendant sought removal and defendant asserts that the removal was timely.  (Id., 10.)

Defendant also argues that the "forum defendant rule" may be waived based on the presence of a hostile forum in the absence of removal. (Id., ¶ 11.) Defendant did not remove on the basis of a hostile state forum, or otherwise indicate in the Notice of Removal that the basis for removal was anything other than diversity of jurisdiction. Even if defendant had presented such an argument, it is clearly not a basis for removal and more akin to the forum shopping that defendant accuses plaintiff of engaging in. (Id., ¶ 38.)

Even if the Court considered the removal as timely, the Notice of Removal alleged residency, not citizenship, and therefore failed to establish subject-matter jurisdiction. The fact that defendant now clearly states that he is a citizen of Florida and domiciled in Florida, id., ¶ 31, is of no consequence. Defendant's argument that the forum defendant rule is waivable and therefore the removal was proper is also rejected. Although the removal by a State of Florida defendant is a procedural defect that may be waived, plaintiff has not waived the requirement in this case, and defendant cannot therefore "evade the statutory requirements of § 1441(b) and allow the federal courts to make significant dispositive rulings in a case over which the federal courts may lack jurisdiction." Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1372 n.4 (11th Cir. 1998). The Court finds that the removal was

not proper and that plaintiff should receive attorney's fees pursuant to 28 U.S.C. § 1447(c).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Motion for Leave to File Reply (Doc. #19) is **DENIED**.

2. Plaintiff's Motion for Attorney's Fees Pursuant to 28 U.S.C. § 1447(c) (Doc. #17) is **GRANTED** and plaintiff is awarded $2,852.00 in attorney's fees incurred as a result of the removal.

3. The Clerk shall enter judgment in favor of plaintiff awarding attorney's fees in the amount of $2,852.00 against defendant.

**DONE AND ORDERED** at Fort Myers, Florida, this __7th__ day of March, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record